VOTO CONCURRENTE Y DISIDENTE DEL
JUEZ APONTE JIMENEZ
2002 DTA 61
San Juan, Puerto Rico, a 7 de febrero de 2002
Concurro con el resultado de la sentencia que suscribe la informada Jueza Pabón Chameco en términos de confirmar el dictamen apelado. Disponiendo el Art. 32 de la Ley Notarial, 4 L.P.R.A. see. 2050, que se tendrán por no puestas las adiciones en los instrumentos públicos, a menos que se salven con la aprobación expresa y la firma de los que deben suscribir el documento, y siendo una causa de anulabilidad que el notario no de fe del conocimiento de los otorgantes, o deje de suplir esa deficiencia por los medios supletorios conteados -Art. 35 de la Ley Notarial, 4 L.P.R.A. see. 2053-, efectivamente no incidió el foro de instancia al decretar que la escritura de donación en este caso es nula, aunque por otras consideraciones con las cuales no coincido.
La exposición narrativa estipulada de la prueba refleja que el notario autorizante de la escritura de donación impugnada dio fe sobre el conocimiento personal de los comparecientes después de éstos haberla firmado, sin que surja que ello se realizó con el concurso y antes de su firma como lo requiere la Ley Notarial. Una vez excluida, por esa deficiencia, la salvedad del conocimiento personal de los otorgantes por el notario, no hay constancia sobre ese elemento cuya omisión, como antes dicho, conlleva la nulidad del instrumento. Por eso concurro con la sentencia que se emite en lo concerniente a la nulidad de la escritura de donación, estando también conforme con lo resuelto en cuanto al error relacionado con que la edificación construida en el solar objeto de la escritura de donación pertenecía al caudal hereditario y no a la parte apelante.
*1055 Ahora bien, disiento en lo referente a la afirmación que, en apoyo de lo adjudicado, sostiene la mayoría del panel en cuanto a que el error de haber omitido el notario autorizante consignar en el instrumento la lectura del documento por la testigo instrumental, constituye uno que “afec[ta] el aspecto sustantivo del negocio jurídico" y, por consiguiente, conlleva la nulidad de la escritura de donación, aun cuando ello fue corregido mediante la autorización de un acta notarial de subsanación donde expresamente el notario hizo constar todo lo relacionado con la lectura de la escritura por la testigo instrumental y su omisión.
La nulidad de un instrumento público proviene por razones de fondo o de forma. Las de fondo se refieren a los requisitos que deben concurrir para que surja a la luz un negocio jurídico válido, i.e., consentimiento, objeto y causa, o cuando el acto ejecutado por los comparecientes es contrario a la ley. Las causas de nulidad por razones de forma son aquéllas donde se incurre en una omisión de los requisitos para su autorización por el notario. Así son nulos los instrumentos públicos cuando: 1) Contienen alguna disposición a favor del notario que lo autorice; 2) son testigos los parientes de las partes en ellos interesados en el grado prohibido por el Art. 22 de la Ley Notarial; y 3) si no aparecen las firmas de las partes y testigos cuando deban hacerlo, y la del notario. Id. Art. 34 de la Ley Notarial, 4 L.P.R.A. see. 2052.
De otra parte, son anulables los instrumentos públicos en que el notario no da fe del conocimiento de los otorgantes, o no suple esa omisión en la forma establecida por el Art. 17 de la Ley Notarial. Véase, Art. 35 de dicho ordenamiento, 4 L.P.R.A. see. 2053. En tomo a los datos o circunstancias dispuestas, o cuando se trata de un error en el relato de los hechos presenciados por el notario que corresponda a éste consignar, “podrán estas faltas ser subsanadas por el notario autorizante a sus expensas por propia iniciativa o a instancia de cualesquiera de las partes por medio de un acta notarial en que se haga constar el defecto [o error], su causa y la declaración que lo subsana. ” Si resulta imposible realizar la subsanación en la forma indicada, podrá entonces acudirse al procedimiento judicial correspondiente ante el Tribunal de Primera Instancia. Así lo preceptúa el Art. 29 de la Ley Notarial, 4 L.P.R.A. see. 2047.
De igual forma, la Regla 23 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R. 23, regula el ámbito de las actas notariales. Establece ésta que “cubre[n] los hechos y circunstancias que presencie, le relaten o le consten al notario y que por su naturaleza no fueron materia de contrato u otras manifestaciones de voluntad. ”
A esos efectos, el Art. [30] de la Ley Notarial brinda la facultad para que los notarios autoricen “actas en que se consignen hechos y circunstancias que presencien o le consten de propio conocimiento, y que por su propia naturaleza, no constituyan un contrato o negocio jurídico ” con el propósito de corregir esas deficiencias incurridas en un instrumento público. Es decir, una omisión del notario, como en este caso ocurrió, de no hacer constar en la escritura de donación autorizada que la testigo instrumental leyó en voz alta la escritura de donación, jamás puede afectar la legalidad del negocio jurídico envuelto, una vez corregida de conformidad con lo dispuesto en la Ley y el Reglamento Notarial.
La legalidad que en el ejercicio de la fe pública proclama el notario al autorizar un instrumento público, no incluye los errores de forma que éste incurra al redactarlos. El consentimiento a que pueda aludirse que proporciona la lectura del instrumento, no es el mismo elemento constitutivo y necesario para formalizar un contrato. Menos cuando, como aquí, el notario dio fe de haber leído en voz alta la escritura antes de su firma por los comparecientes.
Pero aún más, la Ley Notarial, en su Art. 29 (4 L.P.R.A. sec. 2048), regula la subsanación de defectos, errores y omisiones de forma que adolezcan los documentos notariales mediante un acta de subsanación para aquellos casos donde, al igual que aquí, se trata de hechos y circunstancias que presencien o le consten de propio conocimiento al notario durante el otorgamiento y que por su naturaleza no constituyan un contrato o negocio jurídico. El Reglamento Notarial, por su parte, alude a que el acta de subsanación es permitida para, inter alia, corregir defectos como “[l]a falta de expresión en cuanto a la forma en que fue realizada la lectura del instrumento público”. Id. 4 L.P.R.A., Ap. XXIV, R. 39.
*1056 A juicio mío, la mera duda del significado de lo estatuido sobre el acta de subsanación empaña y opaca su cristalina transparencia. Al decir de ese principio de hermenéutica provisto en el Art. 14 del Código Civil, 31 L.P. R.A. sec. 14: “Cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu.” El acta autorizada por el notario ante quien se otorgó la escritura de donación, a tenor de lo anterior, subsanó el error incurrido y salvó su nulidad por ese fundamento.
JOSE M. APONTE JIMENEZ Juez de Apelaciones